IMBODEN

*v.*

ARNALL.

(*Supreme Court of Appeals of Virginia, Sept. 17, 1874.*)

### Executors and Administrators—Case at Bar.

In 1834, Samuel Steele died, having first executed his last will by which he devised his whole estate to his wife, Frances Steele, during her life, with power to make advancements to her children, Mary E. Arnall, Andrew A. Steele and other children at her death and to dispose of the residue among her children by will. She accordingly did this, and Andrew A. Steele qualified as executor of her estate. Subsequently, Andrew A. Steele died after making a will with John D. Imboden as his executor. In 1857, Mary E. Arnall, by her next friend filed her bill against Imboden to have her interest in her mother's estate ascertained and settled, through a trustee, on herself and her children, free from the debts or control of her husband. In 1858, a decree was rendered in that suit, ascertaining the amount due to said Mary E. Arnall to be $2,547.22, with interest on $2,164.64. Although there was a sufficiency of assets in the hands of the executor at the time of the decree it was not paid. In 1871, suit was brought by Mary E. Arnall to have her claim settled by Imboden and his sureties on his executorial bond: *held*:

### Same—Fiduciary Claim against Estate—Case at Bar.

1. That the circuit court did not err in holding the claim of Mrs. Mary E. Arnall to be a fiduciary demand, entitled to priority of payment out of the estate of Andrew A. Steele. It was a claim to an equitable settlement on her and her children, out of her share of the estate of her mother, Mrs. Frances Steele, in the hands of the said Andrew A. Steele, as executor of the said Frances Steele.

### Same—Same—Notice of.

2. That the pleadings and proceedings in the suit and the decree of 1858 gave full notice to Imboden, executor of Steele, of the

character of the claim therein asserted and that it was a fiduciary demand, entitled to priority of payment out of the estate of his testator.

### Same—Devastavit—Liability of Executor.

3. That the decree of 1858 was a proper foundation for the proceedings afterwards had in this cause to obtain the benefit of said decree and to enforce its payment by the executor and his sureties, *de bonis propriis*; since at the time of the decree there was a sufficiency of assets in his hands and his failure to pay was a *devastavit* in not paying said debt and in applying the assets to payment of inferior dignity.

Appeal from circuit court of Augusta county.

*Sheffey & Bumgardner*, counsel for appellee.

*Baldwin & Cochran*, counsel for appellant.

Christian, J., delivered the opinion of the court.

The court is of opinion that the circuit court did not err in holding the claim of Mrs. Mary E. Arnall to be a fiduciary demand, entitled to priority of payment out of the estate of Andrew A. Steele. It was a claim to an equitable settlement on her and her children, out of her share of the estate of her mother, Mrs. Frances Steele, in the hands of the said Andrew A. Steele, as executor of the said Frances Steele. If this claim was well founded, if the facts were true on which it was based, nothing can be clearer than the proposition thus held by the circuit court. That the claim was well founded, that the facts were true, has been conclusively ascertained and established against the appellants by judicial proceedings which appear in the record in this cause. The claim was asserted in the suit brought by her in the same court on the 5th day of September, 1857, and referred to in the proceedings in this cause; in which suit it was ascertained that there was due to her on account of said claim on the 1st of November, 1858, from

Andrew A. Steele, executor of Frances Steele, a balance of $2,547.22, which her husband, John S. Arnall, had never reduced into possession · so as to bar her rights into an equitable settlement out of said fund ; and on the 25th day of November, 1858, a decree was rendered in the said suit "that John D. Imboden, executor of Andrew A. Steele, deceased, do, out of the assets of his testator in his hands to be administered, pay to Samuel A. Steele, who is hereby appointed a trustee for Mrs. Mary E. Arnall and her children, the sum of $2,547.22 with interest on $2,164.64 from the 1st day of November, 1858, in trust for the sole and separate use of Mrs. Mary E. Arnall during her natural life, and after her death for the benefit of her children, or the representatives of such as may be dead, free from all liability for the debts or contracts of John T. Arnall, the husband of the said Mary E. Arnall.'' That was a final decree and remains unreversed and in full force and effect. It is not pretended that it was not fairly obtained in a suit litigated by proper parties. Imboden was a defendant to the suit, both as executor of Andrew A. Steele and also as trustee under the deed from John T. Arnall of the 18th of June, 1857, in the proceedings mentioned ; and resisted the claim in both characters ; and claimed the subject in controversy, not only under the said deed, but also under an assignment from J. T. Arnall to Andrew A. Steele, bearing date the 20th of November, 1854, and exhibited with the answer of the said Imboden as executor of Andrew A. Steele. That decree was conclusive against the said executor and the estate of his said testator in his hands.

The court is further of the opinion that the pleadings and proceedings in the said suit gave full notice to Imboden, executor of Andrew A. Steele, of the character of the claim therein asserted and that it was a fiduciary demand,

· 1 Va Dec—4

entitled to priority of payment out of the estate of his said testator.

The court is further of opinion that the said decree was conclusive, not only against Imboden, the executor of Andrew A. Steele, but also against his sureties as such executor; of the fact that the debt was due from the estate of Andrew A. Steele to Mary E. Arnall and that it was a fiduciary debt; and was a proper foundation for the proceedings afterwards had in this cause to obtain the benefit of the said decree and to enforce its payment by Imboden and his sureties, *de bonis propriis*.

The court is further of the opinion that when the said decree was rendered, there was in the hands of Imboden sufficient assets of his testator to fully pay the said debt in due course of administration, as is clearly shown in the said proceedings; and the said executor committed a devastavit in not paying the said debt and in applying the assets to the payment of debts of inferior dignity, which devastavit rendered him and his said securities liable personally for the payment of the said debt.

The court is further of the opinion that the circumstances as shown in the record do not entitle the appellant "to have a full settlement of all the estate and to relief against the mistaken overpayments, as far as practicable, before holding him accountable to a decree for the plaintiff's demand." The plaintiff was entitled to so much of the assets as were necessary to pay her demand. It was her money and the executor had no right to pervert it to any other purpose. If there was no hand then ready to receive it, he ought to have brought it into court that it might be disposed of for the benefit of the owner. He ought not to have paid it to those to whom it did not belong, and he certainly did not acquire, by that wrong, a right to turn the true owner over

to a recourse against those who may possibly be still indebted to the estate of his testator, but who earnestly deny the debt. He must encounter that controversy himself and not be permitted to shift it from his own shoulders to those of the appellant.

The court is therefore of the opinion that there is no error in the decree, and that it ought to be affirmed.